Firm No. 37472

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| MB FINANCIAL BANK, N.A., a national banking association, as successor in interest to Broadway Bank,<br><br>Plaintiff,<br><br>v.<br><br>5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST., LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); EXCLUSIVE UP II, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS,<br><br>Defendants. | CASE NO. 11 CH 00221 |

## VERIFIED AMENDED COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff, MB FINANCIAL BANK, N.A., a national banking association, as successor in interest to Broadway Bank ("Broadway"), by its attorneys, HOLLAND & KNIGHT LLP, states as its Verified Complaint for Foreclosure of Mortgage and For Other Relief against Defendants, 5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST., LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF



EXHIBIT E

1

CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); EXCLUSIVE UP II, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, as follows:

## BACKGROUND FACTS

1. Plaintiff MB FINANCIAL BANK, N.A. ("Plaintiff" or "MB Financial") is a national banking association authorized to do business in the State of Illinois.

2. In April 2010, the Director of the Illinois Department of Financial and Professional Regulation requested that the Federal Deposit Insurance Corporation ("FDIC") immediately accept appointment as the receiver of Broadway. On April 23, 2010, Broadway was closed by the Illinois Department of Financial and Professional Regulation, Division of Banking, and the FDIC was appointed as Receiver of Broadway. On this same date, MB Financial received approval of the OCC to purchase certain assets of Broadway, including, but not limited to, the Loan Documents at issue in this litigation. Accordingly, pursuant to this purchase, MB Financial acquired the loan documents at issue in this litigation through assignment.

3. On or about March 29, 2006, Chicago Title Land Trust Company, as Trustee to under Trust Agreement dated November 29, 2005 and known as Trust No. 8002345462 ("Trustee"), Mohammad Siddiqui a/k/a Mohammad Siddiqi ("Siddiqui"), Mohammad Quadeer ("Quadeer"), 5601-09 Clark Commons, Inc. ("Clark Commons") and 5601-09 N. Clark St., LLC ("Clark Street")(collectively "Borrower") entered into a Construction Loan Agreement ("Loan Agreement") with Broadway Bank, Plaintiff's predecessor-in-interest. A copy of the Loan Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

4. The Loan Agreement was modified on November 30, 2007 by a Loan Modification Agreement ("Amendment"). The Amendment is attached hereto as **Exhibit 2** and is incorporated herein by reference.

5. In conjunction with the Loan Agreement, Borrower executed a Loan Note, promising to pay certain sums to Broadway Bank, Plaintiff's predecessor-in-interest. A copy of the Loan Note ("Note") is attached hereto as **Exhibit 3** and is incorporated herein by reference.

6. As security for the obligations under the Note, Trustee executed (i) a Construction Mortgage and Security Agreement for the benefit of Broadway Bank, which was recorded with the Cook County Recorder of Deeds on April 25, 2006 as Document No. 0611542026 ("Mortgage") and (ii) an Assignment of Rents and Leases ("Assignment of Rents") for the Mortgaged Property, which was recorded with the Cook County Recorder of Deeds as Document No. 0611542027 on April 25, 2006. The Mortgage and Assignment of Rents are attached hereto as **Exhibit 4** and are incorporated herein by reference.

7. Borrower has failed to make payments under the Note and other loan documents executed in connection therewith.

## Foreclosure of Mortgage

8. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff files this action to foreclose on the Mortgage hereinafter described and joins the following as defendants:

> 5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST., LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); EXCLUSIVE UP II, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

10. Information concerning mortgage:

   a. Nature of instrument: Construction Mortgage and Security Agreement.

   b. Date of mortgage: March 29, 2006.

3

c. Name of initial mortgagor: Chicago Title Land Trust Company, as Trustee under Trust Agreement dated November 29, 2005 and known as Trust No. 8002345462.

d. Name of mortgagee: Broadway Bank.

e. Date and placing of recording: April 25, 2006, Cook County, IL.

f. Identification of recording: 0611542026.

g. Interest subject to mortgage: Fee simple.

h. Amount of indebtedness: $4,525,000.00.

i. Legal description of mortgaged real estate:

PARCEL 1: UNITS 5601-2, 5601-3, 5603-2, 5603-3, 5605-2 AND 5605-3 IN CLARK BRYN MAWR MANOR CONDOMINIUM AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:

PART OF LOT 33 IN BLOCK 2 IN BRYN MAWR ADDITION TO EDGEWATER BEING A SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOM INUM RECORDED AS DOCUMENT NUMBER 0722522002 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 2: NON-EXCLUSIVE EASEMENTS FOR THE BENEFIT OF PARCEL 1 AND OTHER PROPERTY FOR INGRESS, EGRESS, USE, ENJOYMENT AND SUPPORT AS SET FORTH IN AND CREATED BY THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS RECORDED AS DOCUMENT NUMBER 0722522001.

Property Address: 5601-09 North Clark Street, Chicago, IL

Real Estate Tax Numbers: 14-05-330-063-1008 thru 1011, 1016 and 1017

j. Statement as to defaults, including, but not limited to, date of default, current unpaid principal balance, per diem interest accruing, and further information concerning the default:

Borrowers have failed to make the payments as required under the loan documents, including but not limited to, failing to pay the monthly payments as of January 20, 2010:

Principal Balance: $1,748,854.73

Interest (as of 11/29/10) $161,695.55

4

Late Fees (as of 11/29/10)   $7,632.95

Exit Fee:   $364,602.77

The foregoing total does not include accruing interest, late charges and attorney fees and costs.

k. Name of present owner of the real estate: CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462.

l. Name of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated: 5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST., LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); EXCLUSIVE UP II, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

m. Name of defendant claimed to be personally liable for deficiency: Mohammad Siddiqui a/k/a Mohammad Siddiqi.

n. Capacity in which plaintiff brings this foreclosure: As the owner and legal holder of the Note and the indebtedness secured by the Mortgage.

o. Facts in support of redemption shorter than the longer of (i) 6 months from the date the mortgagor or, if more than one, all the mortgagors (1) have been served with summons or by publication or (2) have otherwise submitted to the jurisdiction of the court, or (ii) 3 months from the entry of the judgment of foreclosure, if sought: The mortgaged property is not residential and Mortgagor has waived the right to redemption.

p. Statement that the right of redemption has been waived by all owners of redemption: Mortgagor has waived the right to redemption pursuant to Page 15 of the Mortgage.

q. Facts in support of a request for attorneys' fees. The Mortgage and Note provide Plaintiff with right to recover reasonable attorneys' fees and expenses. Plaintiff has been required to retain counsel for prosecution of this foreclosure and has and will incur substantial attorneys' fees, court costs, title insurance and other expenses which properly should be added to the mortgage indebtedness.

r. Facts in support of a request for appoint of a receiver: Plaintiff will file a separate petition to have a receiver appointed pursuant to the Illinois Mortgage Foreclosure Law in the event Plaintiff requests a receiver.

5

    s.    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated:

5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST., LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); EXCLUSIVE UP II, INC.; UNKNOWN OWNERS and NON-RECORD CLAIMANTS as all are inferior to the position of MB FINANCIAL.

11.    Plaintiff avers that INTERIOR OF STONE MIDWEST, INC. claims an interest in the Property by virtue of that certain mechanic's lien recorded on October 8, 2009 as Document No. 0928150068. Plaintiff alleges and avers that its interest in the Property is prior and superior to any interest in the Property claimed by INTERIOR OF STONE MIDWEST, INC.

12.    Plaintiff avers that IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE) claims an interest in the Property by virtue of that certain mechanic's lien recorded on October 16, 2009 as Document No. 0928956038. Plaintiff alleges and avers that its interest in the Property is prior and superior to any interest in the Property claimed by IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE).

13.    Plaintiff avers that EXCLUSIVE UP II, INC. claims an interest in the Property by virtue of that certain mechanic's lien recorded on October 16, 2009 as Document No. 0928956039. Plaintiff alleges and avers that its interest in the Property is prior and superior to any interest in the Property claimed by EXCLUSIVE UP II, INC.

14.    Plaintiff alleges that in addition to persons designated by name herein and the unknown defendants herein before referred to, there are other persons, and/or non-record claimants who are interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, in this Complaint described, including,

but not limited to the following: unknown owners and non-record claimants, if any. The name of each such person is unknown to Plaintiff and on diligent inquiry cannot be ascertained, and all such persons are therefore made party defendants to this action by the name and description of UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

WHEREFORE, MB Financial prays for:

A. Judgment for Foreclosure and Sale;

B. Judgment against the Defendants hereof;

C. An order requiring Borrower to account for the Rents collected by or on its behalf subsequent to the date of default;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief as the Court shall deem just and appropriate.

MB FINANCIAL BANK, N.A.,
a national banking association

By: _____
One of its attorneys

Francis L. Keldermans
Darren H. Goodson
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
(312) 263-3600
Firm No. 37472
#10549741_v1