Firm No. 37472

## IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| MB FINANCIAL BANK, N.A., a national banking association, as successor in interest to Broadway Bank ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 11 CH 00221 |
| 5601-09 CLARK COMMONS, INC.; 5601-09 N. CLARK ST. LLC; MOHAMMED T. SIDDIQUI a/k/a MOHAMMED SIDDIQI; MOHAMMAD QUADEER; CHICAGO TITLE LAND TRUST, AS TRUSTEE UNDER TRUST AGREEMENT DATED NOVEMBER 29, 2005 AND KNOWN AS TRUST NUMBER 8002345462; CLARK BRYN MAWR MANOR CONDOMINIUM ASSOCIATION; INTERIOR OF STONE MIDWEST, INC.; CITY OF CHICAGO; IHSH (INTERNATIONAL HOSPITALITY SUPPLY HOUSE); HOMES 4 YOU; UNKNOWN OWNERS and NON-RECORD CLAIMANTS. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

### AGREEMENT FOR THE ENTRY OF CONSENT JUDGMENT

This Agreement for the Entry of Consent Judgment ("Agreement") is made and entered into this 18th day of May, 2011 by and between MB Financial Bank, N.A., *a national banking association* ("Plaintiff" or "Bank") and Chicago Title Land Trust, as Trustee under Trust Agreement dated November 29, 2005 and known as Trust Number 8002345462 ("Trustee"), the owner of the property which is the subject matter of this foreclosure, along with Mohammed Siddiqi ("Siddiqi"), Mohammad Quadeer ("Quadeer"), 5601-09 Clark Commons, Inc. ("Clark Commons") and 5601-09 N. Clark St., LLC ("Clark Street") (collectively, the "Borrower").

### RECITALS

A. Trustee owns fee simple title to the land legally described in Exhibit A attached hereto and made a part hereof and commonly known as 5601-09 North Clark Street, Chicago, Illinois (the "Land"), together with all buildings and improvements now or hereafter constructed thereon and all privileges, easements, covenants, agreements, rights, tenements, hereditaments and appurtenances belonging thereto and all streets, alleys and public ways adjacent thereto, before or after vacation thereof (the "Improvements") (hereinafter the Land and the Improvements are collectively referred to as the "Real Estate").



B.     On or about March 29, 2006, Borrower entered into a Construction Loan Agreement ("Loan Agreement") with Broadway Bank, Plaintiff's predecessor-in-interest. The Loan Agreement was modified on November 30, 2007 by a Loan Modification Agreement ("Amendment"). In conjunction with the Loan Agreement, Borrower executed and delivered to Broadway Bank, a certain promissory note (the "Loan Note") payable to the order of Broadway Bank in the principal amount of Four Million, Five Hundred Twenty Five Thousand and 00/100 Dollars ($4,525,000.00).

C.     As security for the obligations under the Loan Note, Trustee executed (i) a Construction Mortgage and Security Agreement for the benefit of Broadway Bank, which was recorded with the Cook County Recorder of Deeds on April 25, 2006 as Document No. 0611542026 ("Mortgage") and (ii) an Assignment of Rents and Leases for the Mortgaged Property, which was recorded with the Cook County Recorder of Deeds as Document No. 0611542027 on April 25, 2006 ("Assignment of Rents").

D.     An Event of Default occurred under the Loan Documents and, as a result, on January 4, 2011, the Bank filed its Complaint for Foreclosure of Mortgage ("Complaint") in the above captioned foreclosure proceeding ("Foreclosure").

E.     In consideration of the Bank's agreement to release *in personam* liability of the Borrower on the Note, Borrower has proposed that Bank and Borrower enter into a Stipulation for a Consent Judgment for Foreclosure pursuant to 735 ILCS 5/15-1402 (a) ("Consent Judgment").

NOW THEREFORE, in consideration of the foregoing premises and the covenants and conditions contained hereinafter, Borrower and the Bank agree as follows:

1.     Consent Judgment.     Borrower agrees to the entry of a Consent Judgment for Foreclosure pursuant to 735 ILCS 5/15-1402 (a) whereby absolute title to the Real Estate is vested in the Bank free and clear of all claims, liens and interests of the Borrower, all other defendants to the Foreclosure ("Defendants"), and of all persons claiming by, through or under the Borrower and of all Defendants.

2.     Possession.     As of the date of the entry of the Consent Judgment, the Bank shall be entitled to immediate possession of all of the Real Estate.

3.     Waivers.     As of the date of the entry of the Consent Judgment (a) all responsive pleadings of Borrower, if any, shall be struck, withdrawn, and dismissed with prejudice; (b) Borrower waives and releases any defenses to the Loan Documents or the enforcement thereof; and (c) any *in personam* deficiency judgment against any Borrower or guarantor of the Loan shall be waived and released by the Bank.

4.     Releases.     The parties hereto and each of their respective agents, employees, directors, representatives, managers, members, affiliates, parents, subsidiaries, successors, and assigns hereby release the other party and each of its respective agents, employees, directors, representatives, shareholders, affiliates, parents, subsidiaries, successors, and assigns from any and all claims, lawsuits, demands, judgments, liabilities, costs, attorneys fees, and expenses of any kind, whether known or unknown or asserted or unasserted, and which either party has, has

had, could have had or could have brought relating to or arising out of the Loan Documents, the Foreclosure or the Real Estate.

5.  Other Property. Subject to the terms, conditions, covenants and agreements contained herein, Borrower agrees to grant, transfer, assign and convey to the Bank or its nominee and the Bank agrees to acquire or cause its nominee to accept such transfer from Borrower absolutely and free of any right of redemption or other right or interest of Borrower, or anyone claiming by, through or under any of them, pursuant to documents satisfactory in form and content to the Bank, the following real property and other property:

(a)  All equipment, machinery, fixtures and other personal property owned by Borrower and located on the Real Estate (collectively referred to herein as the "Personal Property");

(b)  All right, title and interest of Borrower in and to all leases, licenses and other occupancy agreements with respect to the Real Estate (collectively referred to herein as the "Leases") including, without limitation, all security deposits and pre-paid rent paid by tenants under the Leases;

(c)  All right, title and interest of Borrower in and to any agreements or contracts relating to the Real Estate and/or Personal Property, if any (collectively referred to herein as the "Contracts"); and

(d)  All right, title and interest of Borrower in and to any intangible property used in connection with the Real Estate and/or Personal Property or the use thereof or any business or businesses conducted or to be conducted thereon, if any (collectively referred to herein as the "Intangible Property"). The Real Estate, the Personal Property, the Leases, the Contracts and the Intangible Property are collectively referred to herein as the "Property".

6.  Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and permitted assigns. The Bank shall have the right to assign its rights, obligations, duties and interests in this Agreement directly or indirectly to any other person or entity. Borrower shall have no right to assign its rights, obligations, duties or other interests under this Agreement directly or indirectly without the prior written consent of the Bank, which consent may be withheld in the sole and absolute discretion of the Bank.

7.  No Admissions. The parties agree that this Agreement, any actions or statements made by the parties in connection with this Agreement, the terms of this Agreement, and the very fact that this Agreement was reached is not intended to be, nor shall it be construed as, an admission of any liability whatsoever by any of the parties.

8.  Counterparts. This Agreement may be executed in counterparts which counterparts together shall have the same force and effect as a single original executed by each of the parties.

9. <u>Facsimile</u>.    Facsimile Signatures shall be deemed to be original signatures for purposes of the execution of this Agreement. The parties shall transmit to each other the original signed version of this Agreement, as executed, within seven days of the effective date of this Agreement.

10. <u>Time is of the Essence</u>.    The parties hereto agree that time is of the essence in all of their covenants under this Agreement.

11. <u>No Third Party Liability of Lender</u>. The Lender shall not be liable to any contractor, subcontractor, architect, supplier, laborer, architect, engineer or any other party for services performed or materials supplied in connection with the Real Estate. The Lender shall not be liable for any debts or claims accruing in favor of any such parties against Borrower or the Real Estate. Borrower is not or shall not be an agent of the Bank for any purposes, and the Bank is not a venture partner with Borrower in any manner whatsoever. The Bank shall not be deemed to be in privity of contract with any contractor, subcontractor, architect or provider of services on or to the Real Estate, nor shall any payment of funds directly to a contractor, subcontractor, architect or provider of services be deemed to create any third party beneficiary status or recognition of same by the Bank unless and until the Bank expressly assumes such status in writing. No contractor, subcontractor, architect, supplier, laborer, architect, engineer or other party shall be deemed to be a third party beneficiary of this Agreement or the Consent Judgment.

12. <u>Indemnity</u>.    To the fullest extent permitted by law, Borrower hereby agrees to protect, indemnify, defend and save harmless, the Bank and its directors, officers, attorneys, agents and employees from and against any and all liability, expense or damage of any kind or nature and from any suits, claims or demands, including legal fees and expenses arising out of this Agreement, and any rights of Borrower thereunder. This indemnity is not intended to excuse the Bank from performing under the terms of this Agreement. These indemnity obligations on the part of Borrower shall survive the entry of the Consent Judgment.

13. <u>Gender/Tense</u>.    Any word herein which is expressed in the masculine or neuter gender shall be deemed to include the masculine, feminine and neuter genders. Any word herein which is expressed in the singular or plural number shall be deemed, whenever appropriate in the context, to include the singular and the plural.

14. <u>Notice</u>.    Any notices, communications and waivers under this Agreement shall be in writing and shall be (i) delivered in person, (ii) mailed, postage prepaid, either by registered or certified mail, return receipt requested, or (iii) by overnight express carrier, addressed in each case as follows:

    To the Bank:  MB Financial Bank, N.A.
            6111 N. River Road
            Rosemont, IL 60018
            Attn: Constantine Avdalas

    With a copy to:  Francis L. Keldermans
            Holland & Knight LLP
            30th Floor

                    131 S. Dearborn Street
                    Chicago, IL 60603

To Borrower:      Chicago Title Land Trust, as Trustee under
                    Trust Agreement dated November 29, 2005 and known as
                    Trust No. 8002345462;

                    Mohammed Siddiqui

                    Mohammad Quadeer

                    5601-09 Clark Commons, Inc.; and

                    5601-09 N. Clark St., LLC

With copy to:      Ariel Weissberg
                    401 S. LaSalle, Suite 403
                    Chicago, IL 60605

or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other party hereto. All notices sent pursuant to the terms of this Paragraph shall be deemed received (i) if personally delivered, then on the date of delivery, (ii) if sent by overnight, express carrier, then on the next federal banking day immediately following the day sent, or (iii) if sent by registered or certified mail, then on the earlier of the third federal banking day following the day sent or when actually received.

     15.    <u>Waiver by Lender</u>. The Bank reserves the right to waive any of the conditions precedent to its obligations hereunder. No such waiver, and no modification, amendment, discharge or change of this Agreement shall be valid unless the same is in writing and signed by the party against which the enforcement of such modification, waiver, amendment, discharge or change is sought. This Agreement contains the entire agreement between the parties relating to the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, are merged herein.

     16.    <u>Cooperation</u>. Borrower covenants and agrees that it will at any time and from time to time do, execute, acknowledge and deliver, or will cause to be done, executed, acknowledged and delivered, all such further acts, documents and instruments as may reasonably be required by the Bank or any successor in interest thereto in order to carry out fully and effectuate the transaction herein contemplated in accordance with the provisions of this Agreement.

     17.    <u>Risk of Loss</u>. The risk of any loss or damage to the Property by fire, flood, earthquake or other casualty shall be borne by Borrower until the entry of the Consent Judgment by the Court Date.

18. <u>Liability</u>. Borrower shall be liable for the performance and observance of all of the agreements, covenants, conditions, representations and warranties of Borrower contained in this Agreement.

19. <u>Jury Waiver</u>. Borrower irrevocably waives any right to trial by jury in any action, suit, counterclaim or proceeding (i) to enforce or defend any rights under or in connection with this Agreement or any amendment, instrument, document or Agreement delivered or which may in the future be delivered in connection herewith, or (ii) arising from any dispute or controversy in connection with or related to this Agreement or any such amendment, instrument, document or agreement, and agree that any such action, suit, counterclaim or proceeding shall be tried before a court and not before a jury.

20. <u>Severability</u>. If any provision of this Agreement shall be prohibited by or be invalid under applicable law, such provision shall be deemed ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

21. <u>Entire Agreement</u>. This Agreement, and the Exhibits attached hereto and all other instruments and documents executed and delivered at entry of the Consent Judgment by the Court by any of the parties hereto, embody the entire agreement between the parties in connection with the transaction contemplated hereby and there are no oral or parol agreements, representations or inducements existing between the parties relating to the transaction contemplated hereby that are not expressly set forth herein and covered hereby. This Agreement may not be modified except in writing signed by all the parties hereto.

22. <u>Valuation</u>. Borrower hereby confirms to the Bank that the value of the Property does not exceed the indebtedness owing to the Bank pursuant to the Loan Documents.

23. <u>Survival</u>. The terms of this Agreement shall survive the entry of the Consent Judgment by the Court and delivery of the Deed and other documents deposited into the escrow with the Escrowee.

24. <u>Jurisdiction and Venue</u>. This Agreement has been negotiated, executed and delivered at Chicago, Illinois, and shall be construed and enforced in accordance with the laws of the State of Illinois. Any actions or proceedings in any way arising out of or relating to this Agreement, the Loan Documents, the Foreclosure or the Consent Judgment shall be litigated in courts having as situs in Chicago, Illinois and each party hereto consents and submits to the jurisdiction of any court located within Chicago, Illinois.

**[SIGNATURE PAGE FOLLOWS]**

cl/ch This Agreement for Entry of Consent Judgment is executed and delivered as of ~~March~~ May 6, 2011.

| PLAINTIFF: | BORROWER: |
|---|---|
| **MB Financial Bank, N.A.,** a national banking association | By: _____ Mohammed Siddiqi |
| By: _____ Name: Constantin Avdelas Title: VP, Acquired Assets | By: _____ Mohammad Quadeer |

**5601-09 Clark Commons, Inc.**

By: _____
Name: _____
Title: _____

**5601-09 N. Clark St., LLC**

By: _____
Name: _____
Title: _____

**Chicago Title Land Trust, as Trustee under Trust Agreement dated November 29, 2005 and known as Trust No. 8002345462**

By: _____
Name: _____
Title: _____

This Agreement for Entry of Consent Judgment is executed and delivered as of ~~March~~ May 18, 2011.

**PLAINTIFF**:

~~MB Financial Bank, N.A.~~,
a national banking association

By: _____
Name: _____
Title: _____

**BORROWER**:

By: ___*[signature]*___
    Mohammed Siddiqi

By: _____
    Mohammad Quadeer


**5601-09 Clark Commons, Inc.**

By: ___*[signature]*___
Name: _____
Title: _____


**5601-09 N. Clark St., LLC**

By: ___*[signature]*___
Name: _____
Title: _____


**~~Chicago Title~~ Land Trust**, as Trustee under Trust Agreement ~~dated November 29, 2005~~ and known as Trust No. ~~8002345462~~

By: ___*[signature]*___
~~Name:~~ _____
~~Title:~~ _____

This Agreement for Entry of Consent Judgment is executed and delivered as of May 18, 2011.

| PLAINTIFF: | BORROWER: |
|---|---|
| **MB Financial Bank, N.A.,** a national banking association | By:_____ Mohammed Siddiqi |
| By:_____ Name:_____ Title:_____ | By:_____ Mohammad Quadeer |

**5601-09 Clark Commons, Inc.**

By:_____
Name:_____
Title:_____

**5601-09 N. Clark St., LLC**

By:_____
Name:_____
Title:_____

[Chicago Title Land Trust Company Corporate Seal, Chicago, Illinois]

Chicago Title Land Trust, as Trustee under Trust Agreement dated November 29, 2005 and known as Trust No. 8002345462

By:_____
Name: **LIDIA MARINCA**
Title: TRUST OFFICER

This instrument is executed by the undersigned Land Trustee, not personally but solely as Trustee in the exercise of the power and authority conferred upon and vested in it as such Trustee. It is expressly understood and agreed that all the warranties, indemnities, representations, covenants, undertakings and agreements herein made on the part of the Trustee are undertaken by it solely in its capacity as Trustee are not personally. No personal liability or personal responsibility is assumed by or shall at any time be asserted or enforceable against the Trustee on account of any warranty, indemnity, representation, covenant, undertaking or agreement of the Trustee in this instrument.

-7-

# EXHIBIT A

## LEGAL DESCRIPTION OF REAL PROPERTY

PARCEL 1: UNITS 5601-2, 5601-3, 5603-2, 5603-3, 5605-2 AND 5605-3 IN CLARK BRYN MAWR MANOR CONDOMINIUM AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:

PART OF LOT 33 IN BLOCK 2 IN BRYN MAWR ADDITION TO EDGEWATER BEING A SUBDIVISION IN THE SOUTHWEST 1/4 OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS; WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINUM RECORDED AS DOCUMENT NUMBER 0722522002 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 2: NON-EXCLUSIVE EASEMENTS FOR THE BENEFIT OF PARCEL 1 AND OTHER PROPERTY FOR INGRESS, EGRESS, USE, ENJOYMENT AND SUPPORT AS SET FORTH IN AND CREATED BY THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND EASEMENTS RECORDED AS DOCUMENT NUMBER 0722522001.

Commonly known as: 5601-09 North Clark Street, Chicago, Illinois

Permanent Index No.: 14-05-330-063-1008 thru 1011, 1016 and 1017

#10181708_v1