IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MOHAMMED T. SIDDIQUI | ) | No. 11-49222 |
| | ) | Hon. Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtor. | ) | |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**
(Appendix to Rule 607)

Name of Applicant: ANDREW J. MAXWELL AND MAXWELL LAW GROUP, LLC

Authorized to Provide
Professional Services to: RICHARD J. MASON, TRUSTEE

Date of Order Authorizing Employment: April 16, 2012

Period for Which
Compensation is sought: April 10, 2012 through the end of the case

Amount of Fees Sought: $7,500.00

Amount of Expense
Reimbursement Sought: $ 265.45

This is: an Interim Application ___; a Final Application X

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0

Applicant: Andrew J. Maxwell and Maxwell Law Group, LLC

BY:   /s/ Andrew J. Maxwell
(Local Bankruptcy Rules as adopted 24 June 1994: Page 107)

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MOHAMMED T. SIDDIQUI | ) | No. 11-49222 |
| | ) | Hon. Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtor. | ) | |

**APPLICATION OF TRUSTEE'S SPECIAL, CONFLICTS COUNSEL FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Andrew J. Maxwell and Maxwell Law Group, LLC (collectively "Applicant"), counsel for the Trustee, pursuant to §330, Title 11 U.S.C, and applicable Federal Rules of Bankruptcy Procedure, submit this Application of Trustee's Special, Conflicts Counsel For Allowance of Compensation and Reimbursement of Expenses ("Application").  In support of the Application, Applicant states the following:

1. This case was commenced by the Debtor filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 7, 2011.

2. Richard J. Mason ("Trustee") was appointed to serve as the Chapter 7 Trustee, qualified and acted as such.

3. By order dated April 16, 2012, this Court authorized the employment of Applicant to serve as counsel for the Trustee.  Applicant has received $ -0- in previously awarded compensation and reimbursement of expenses. Applicant requests $7,500.00[1] in compensation for legal services rendered on behalf of the Trustee for the estate, and reimbursement of actual and necessary expenses in the amount of $265.45.

4. Applicant was hired to serve as special, conflicts counsel to the Trustee in

---

[1] The services set forth on the time detail total more than $10.917, even after significant 'no charges' of time, but Applicant is cognizant of the comparison of cost of services against tangible

1

connection with a real estate property dispute between the Debtor's estate and MB Financial.

Applicant reviewed and appeared in court on MB Financial's Motion for Relief from Stay. After review of the relevant facts and research on applicable case law, Applicant negotiated a settlement with counsel for MB Financial. The settlement agreement provided that the real estate parcels were to be sold and the proceeds split between the estate and MB Financial. The stay was modified based on that resolution.

Applicant drafted, edited, filed and appeared in court on a Motion to Approve Compromise or Settlement per Rule 9019 with MB Financial. Applicant provided the executed settlement agreement to counsel for MB Financial and prepared documents for the real estate closing.

Applicant assisted Trustee in evaluating the abandonment of certain of Debtor's interest in real property.

After MB Financial completed the liquidation of the real estate collateral, which was the subject of the compromise, a dispute arose concerning application of the proceeds from the liquidation and the division between the estate and MB Financial. After negotiations between the Trustee and Applicant, on the one hand, and counsel for MB Financial, on the other hand, a further resolution was agreed upon notwithstanding the contention of MB Financial that there were no net proceeds from the sale. MB Financial agreed to pay the estate $5,000 to partially defray the expenses of the estate in protecting its interests. The further compromise was approved by the Court so that that issue would delay administration.

Applicant prepared this fee application, and will appear in court to present the application. Applicant will assist the Trustee to respond to inquiries from the United States Trustee, the Court, and other parties in interest as may be required.

---

benefit to the estate.

2

      5.     Attached hereto as an exhibit is an itemized statement ("Time Detail") of the legal services rendered. The Time Detail reflects the legal services rendered, the person who performed those services and a description of the work performed. The time expended by Trustee's attorneys is sub-divided in the Time Detail into categories of services as follows:

      (1) Employment of Professionals, Agents and Employees: services rendered to obtain authorization for Trustee's employment of special, conflicts attorneys and to seek allowance and authorization for payment of that counsel; $1,440.00

      (2) General: services rendered on general matters and services not amenable to categorization within other categories, or in regard to multiple categories. $112.50

      (3) Assist Creditors/Claims Objections: services rendered assisting Trustee in the evaluation of claims asserted by MB Financial, including the motion to modify the automatic stay regarding the real estate, negotiating resolution of the liquidation of Trustee's interest in the real estate, and negotiating and obtaining court approval for a resolution of a clarification of the settlement with MB Financial: $9,364.50

      6.     Applicant's personnel[2] who rendered legal services, the billable time expended by each, and each person's hourly rate(s) during the Application Period is set forth in the time detail attached hereto.

      7.     Attached and made a part of the Time Detail is an itemized statement of the actual expenses necessarily incurred by the Applicant totaling $265.45, for which reimbursement is also sought. Each expense for which reimbursement is sought is not included in "overhead" used to calculate the hourly rates charged, and such expenses are charged at the same or higher rates to clients other than bankruptcy trustees. Each expense is specifically charged to a particular client

---

[2] <u>Billing Codes:</u>
Andrew J. Maxwell (AJM)
Jaclyn Smith (JHS), atty
Vikram R. Barad (VRB), atty
Nicole A Elipas (NAE)
Christian J. Capo (CJC), legal asst
Staff Rate (SR or SR-11), attorney (The "Staff Rate" is for services performed by attorneys but which arguably could have been performed by a paralegal at a lower billing rate, therefore a paralegal billing rate was charged for those services),

matter - there is no pro-ration of "overhead" charges such as the maintenance of facsimile, or photocopy machine, or the rental of a postage meter.

8.  Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

9.  At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

10. Trustee's attorneys believe this Application and the detailed statement attached hereto comports with applicable case law regarding compensation of professionals.  See: In re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992); In re Covent Guardian Corp., 103 B.R. 937 (Bankr.N.D.Ill. 1989); In re Pettibone Corporation, 74 B.R. 293 (Bankr.N.D.Ill. 1987); and In re Wildman, 72 B.R. 700 (Bankr.N.D.Ill. 1987).

**WHEREFORE**, Applicant requests that it be awarded reasonable compensation of $7,500.00 for legal services rendered and reimbursement of actual and necessary expenses of $265.45 incurred on behalf of the Trustee in this case.

>                                    RESPECTFULLY SUBMITTED,
>                                    Andrew J. Maxwell and Maxwell Law Group, LLC
>
>                                    By: */s/ Andrew J. Maxwell*
>                                    Attorney for Trustee

Andrew J. Maxwell (ARDC#1799150)
Maxwell Law Group, LLC
105 W. Adams, Suite 3200
Chicago, IL 60603
312/368-1138

---

Vito Cifaldi (VC), legal asst

4